DILL v. UNITED STATES.

(District Court, E. D. Pennsylvania. February 13, 1897.)

1. UNITED STATES MARSHALS—FEES—ATTENDANCE BEFORE COMMISSIONER.
The marshal is entitled to fees for attendance by deputy at examinations before a commissioner, though the deputy was paid for attendance on the same day on the district or circuit courts.

2. SAME—MILEAGE.
The marshal is entitled to mileage in going to serve warrants of removal and commitment, though he has been paid 10 cents per mile for transportation of the prisoner on the same warrant at the same time.

3. SAME—SERVING WARRANTS OF COMMITMENT.
The marshal is entitled to fees for serving warrants of commitment.

4. SAME—MILEAGE IN SERVING WARRANTS.
A commissioner issued a warrant at Harrisburg, Pa., to be served at Richmond, Pa. There being no deputy at Harrisburg, he forwarded the warrant to the marshal at Philadelphia, and it was served by going by the most direct route from there to Richmond. Held, that the marshal was entitled to mileage for this distance of actual and necessary travel, and not merely for travel from Harrisburg to Richmond.

5. SAME—MILEAGE—JURY SUMMONSES.
The marshal is entitled to mileage on each of a number of jury summonses served on different persons at the same time and place.

6. ATTENDANCE ON COURT ON SUNDAY.
The marshal is entitled to a fee for necessary attendance on court on Sunday.

7. SAME—COMPENSATION FOR GUARDS.
The marshal is entitled to be reimbursed for money actually paid for guards for prisoners attending court, where there is no provision for confining prisoners within two miles of the court rooms.

8. SAME—WARRANTS OF ARREST.
If more than one warrant is issued for one individual, the marshal must serve them separately, and is entitled to a fee for each service.

9. SAME—EXPENSES OF ENDEAVORING TO ARREST.
The marshal is not entitled to any sum, though actually expended by him in endeavoring to arrest, beyond the statutory fee of two dollars.

10. SAME—SERVING WARRANTS ON POOR CONVICTS.
The marshal is entitled to fees for serving warrants, etc., on indigent convicts to bring them before the commissioner.

11. SAME—RETURNS OF NIHIL HABET.
A marshal having made a charge of 40 cents each for returns of nihil habet, and it appearing that in the state practice two such returns were treated as equal to a service, held, that the charge should be allowed.

Petition of Catharine S. Dill, sole executrix of the last will and testament of Andrew H. Dill, deceased, praying judgment of the court

against the United States for the sum of $758.16, claimed as due to her for services rendered by Andrew H. Dill as a marshal of the United States for this district.

The respective counsel representing plaintiff and defendant submit to the honorable court the following general statement:

It is agreed that the charges for mileage, expenses and rendition of services set forth in the petition filed are correct; that the expenses were actually paid, and the said services were actually rendered.

It is further agreed that all the items in the petition filed both for expenses incurred and fees earned were embodied in the various accounts of the said Andrew H. Dill, deceased, during the years mentioned in the said petition, which said accounts were examined and passed upon by the then U. S. district attorney and formally approved by this court. The various items of claim set forth in the said petition are grouped in the schedule hereto attached.

(1) Amount earned and not received for attending by deputy at examinations before a commissioner during years 1887 and 1888, $328.

A United States marshal is entitled to charge for the attendance of himself and his deputies before United States commissioners on the same days on which circuit or district courts are in session and fees for attendance on these courts are charged and paid. Saunders v. U. S., 73 Fed. 792; U. S. v. Kerns.

Counsel for the United States contends that said deputies were not entitled to said pay for the reason that on the days for which they charge for attendance before United States commissioners they were actually paid attendance upon the district and circuit court as bailiffs; that duplicate per diems are not authorized, and further that the treasury department has disallowed the charges embraced in this particular item of claim. It is however admitted that similar charges for attendance of deputy marshals under the same circumstances were subsequently allowed to Marshal Dill during the years 1889 and 1890, and have been allowed by the treasury department up to the present time.

(2) Amount earned and not received for travel in going only to serve warrants of removal and warrants of commitment during the years 1887, 1888, 1889 and 1890, $141.18.

This charge is authorized by paragraph 25, § 829, Rev. St., viz.: "For travel in going to serve any process warrant, attachment or other writs six cents a mile to be computed," etc. If the disallowance is because a charge has been made for transportation of the prisoner this is not a valid reason. Paragraph 20 of section 829 provides: "For transporting criminals ten cents a mile for himself and for each prisoner and necessary guard."

In the case of Tanner v. U. S. (decided in the court of claims in 1889) 25 Ct. Cl. 68 (a case in point), Judge Davis said: "It appears that for fifteen years the accounting officers consistently construed the statute as authorizing the payment to the marshal of the two fees,—one for travel in the service of a warrant of commitment; the other for transporting the criminal named in the warrant. The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons." The court found as conclusions of law that the claimant recover the sum of $128.16 fees for mileage.

In the case of U. S. v. Kerns, U. S. Dist. Ct., August Sess. 1888, No. 4, this court allowed services for return mileage where marshal has secured or delivered a prisoner pursuant to warrant of arrest or removal. Harmon v. U. S., 43 Fed. 560.

Counsel for the United States contends that this item of claim is unauthorized, as the statutes nowhere allow a marshal six cents per mile in addition to the ten cents per mile for transportation on the same warrant at the same time. The treasury department disallowed this item for this reason.

(3) Serving warrants of commitment in 1887, 1888 and 1889, $60.

Saunders v. U. S., 73 Fed. 782, 792.

A mittimus for the commitment of a prisoner is a warrant for the service of which on such prisoner the marshal is entitled, under Rev. St. § 829, to a fee of $2. In these cases writ was served upon the prisoner, not upon the jailer.

In U. S. v. Kerns, supra, the court allowed defendants charges for fees for

temporary commitments. Also, see Turner v. U. S., 19 Ct. Cl. 629; Heyward v. U. S., 37 Fed. 764; Hoyne v. U. S., 38 Fed. 542.

Counsel for the United States contends that the claim in this item was disallowed by the treasury department, for the reason that the writ was served upon the jailer, and not upon the defendants. This item is composed of charges' for service of warrants of commitment upon defendants where there was more than one defendant. The fee allowed by law for executing a warrant of commitment where two or more persons are committed under the same warrant is $2.

(4) Travel,—deputy marshal in 1887 to serve at Richmond, Franklin Co., 190 miles, at 6 cents, making a total of $11.40; of this amount $5.04 allowed, being for 84 miles' travel from Harrisburg, where writ was issued,—$6.36.

Having no deputy at Harrisburg at the time the warrant was issued the commissioner forwarded warrant to Marshal Dill at Philadelphia. The distance traveled was necessary to serve writ; the route taken was the most direct. The evident intention of congress was to give the officer 6 cents a mile for every mile actually and necessarily traveled by the most direct practical route in going to serve the writ. In U. S. v. Kerns, supra, this court entertained a question regarding the services of venires kindred to the above (in principle), and awarded full claim of mileage.

Counsel for the United States states that the original claim was for $11.40. Of this amount the treasury department allowed the sum of $5.04, being the mileage from Harrisburg, where the warrant was issued, to Richmond, where it was served, and disallowed the mileage from Philadelphia to Harrisburg for the reason that section 829, Rev. St., only allows a marshal mileage from the place where the warrant is served to the place where it was returned.

(5) Total amount of mileage earned and not received for travel in going only to serve jury summons during 1887–1888, $24.82.

Section 829, par. 25, before quoted, provides: "For travel in going only to serve any process, warrant attachment or other writ, * * * six cents a mile. * * * But where more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation on only two of such writs." The jury summons in question, were all served upon different persons, and there is nothing in this paragraph restraining or controlling the journeys of the marshal or deputies in performing his duty. The mileage was clearly and legally earned.

Saunders v. U. S., 73 Fed. 783, and Harmon v. U. S., 43 Fed. 560, decide that a marshal may charge for travel upon two or more writs against different persons served at the same time and place. This court allowed this claim in U. S. v. Kerns, supra.

Counsel for the United States contends that this is double mileage; that the marshal·is only allowed for travel in service of one writ, although there may be a number in his hands and served by him at the same time and place.

(6) Andrew H. Dill claims for attendance as marshal upon the U. S. circuit court for the Eastern Dist. of Penna. on the 16th day of October, 1887, earned but not received, $5.

This was Sunday and is a claim for actual attendance on court in charge of a jury that was deliberating on a verdict.

Counsel for the United States contends that October 16, 1887, was Sunday; that from the records it appears that the case of Green v. Pennsylvania R. Co., No. 2, April Sess. 1887, was given to the jury on the preceding Saturday, and that on the day in question (October 16th) the jury were still deliberating, and their verdict was received on the following day—October 17th.

(7) Total amount actually paid to guards in charge of U. S. prisoners while in attendance on court during 1887 and 1888, and not received from the United States, $92.

Section 830, Rev. St., provides that the marshal shall be paid among other items "his expenses necessarily incurred for fuel, lights and other contingencies that may accrue in holding courts within this district." During the years 1887 and 1888 there was no cage for the keeping of prisoners during the period of attendance upon court awaiting trial. It was absolutely necessary that the prisoners ordered up from the county prison should be guarded. This item represents money actually paid by the marshal, and the cause for the expenditure is certainly a contingency within the meaning of the section above quoted.

Counsel for the United States contends that no such charge for payment to guards is provided by the fee bill.

(8) Amount earned and not received for serving warrants to apprehend in 1888 and 1889, $6.

This item represents two cases. In U. S. v. Mull, $2. This was disallowed upon the claim that there were two warrants and defendant was in custody by virtue of the first already executed. There were two warrants issued by the commissioner, and the marshal took the defendant in custody on both of them and so returned the warrants. The defendant might have been discharged on one of the warrants and held on the other; therefore the marshal was entitled as much to the service of one as the other.

In the other case, U. S. v. Brennan ($4), service was made on three persons. Service on one was allowed; service on the other two disallowed. The right of the marshal to receive for each and every person served has already been discussed. Rev. St. § 829, par. 25.

Counsel for the United States states that this item was disallowed by the treasury department for the reason that there were three cases in which the marshal served two warrants at the same time on the same defendants. The department allowed for service of one warrant only in each case, and refused to allow for the other, contending that one warrant was sufficient to apprehend the defendants.

(9) Total amount of actual expenses incurred in endeavoring to arrest, and not received during the year 1889, $3.30.

The actual expense was $5.30; all over and above $2 disallowed. This represents money actually paid out by the marshal in necessary expenses, and this court sustained such a claim in the case of U. S. v. Kerns.

Counsel for the United States states that this is a charge for actual expenses incurred in endeavoring to make arrest for which the fee bill provides but the sum of $2. The department allowed the $2, but disallowed the $3.30 as being an excess charge. See "Fee Bill," Rev. St. § 829.

(10) Total amount earned and not received for serving warrants, etc., on indigent convicts, in accordance with section 1042, $34.70.

Allowance suspended until it is shown that there was a contest and what proceedings were had to constitute a contest. This character of claim is allowed by the court in the case of Saunders v. U. S.

Counsel for the United States states that this item was disallowed by the treasury department which contended that there was no necessity for bringing the convict before the commissioner on a warrant as the commissioner could give the indigent convicts hearings while confined in jail. It is however admitted that similar charges were subsequently allowed by the department and are still allowed.

(11) Charge for making 132 returns (at 40 cents) of nihil habet as to defendants in writs of scire facias to revive judgment and continue lien in 1889 and 1890, $52.80.

Disallowed,—explanation desired as to the amount for each return 40 cents, and as to the meaning of return nihil habet. The government is placed in the same position by two returns of nihil habet as if the writ had been actually served. It is the practice of the sheriffs of the counties of the state to charge the same fees for two returns of nihil habet to a sci. fa. as for one service. This charge of 40 cents was made in conformity to the law of the state. In U. S. v. Kerns, supra, the court allowed fees claimed by defendant for services in endeavoring to arrest when no service was made.

Counsel for the United States claims this item was disallowed as unauthorized by the treasury department: and that technically such returns are of course no service upon the defendants. Nevertheless he admits that as upon two returns of nihil habet on the same defendant, the United States was placed in the same position as to such services as if actual services had been made, and for which the marshal would have been entitled to a fee of $2 for each service.

(12) Total amount earned and not received for the service of subpœnas in 1888, $4.

These charges suspended to know if prosecution was upon indictment. Certificate of district attorney was attached to the marshal's explanation, and there is no reason why this item should have been disallowed.

Counsel for the United States states that the treasury department disallowed

the same for the reason that the witnesses had already been subpœnaed in another case for attendance upon court for the same days, and therefore there was no need of service of subpœna the second time.

H. Merriam Allen, for plaintiff.

Michael F. McCullen, Asst. U. S. Atty., for the United States.

BUTLER, District Judge. The facts involved are agreed upon by the parties as appears by their statement filed. I will not discuss the questions presented by these facts, at length.

As respects the item of $328 specified in the petition, "amount earned and not received for attending by deputy at examination before a commissioner during the years 1887 and 1888," I see no room for controversy. The question raised respecting this item, has been repeatedly passed upon by the courts and decided in favor of the plaintiff. Such claims, arising under similar circumstances, were uniformly paid by the treasury, without objection, until in 1887, when some especially astute clerk appears to have suggested a doubt on the subject, in consequence of which, this plaintiff's claims, as well as others, were rejected. After the expiration of a couple of years the treasury department appears to have changed its mind, and has from that time forward paid such claims. This claim, however, having been rejected, the department does not now feel itself warranted in paying it without suit. This item is allowed.

As respects the item of $141.18, "amount earned and not received for travel in going only to serve warrants of removal and warrants of commitment during the years 1887, 1888, 1889 and 1890," much the same may be said. Such services were uniformly paid without objection, up to the date before stated, and this item in this claim was passed upon by the district attorney and approved by him for the United States, and allowed by the court accordingly, in the marshal's several accounts, as they were presented to the court for approval. The validity of this item of claim is covered fully by Harmon v. U. S., 43 Fed. 560.

As respects the item of $60, for "serving warrants of commitment in 1887, 1888 and 1889," I feel no hesitation in allowing it. Such services were always allowed prior to the date referred to, and such allowance seems to be fully warranted by the language of the statute and the discussions of the courts, notably Saunders v. U. S., 73 Fed. 782.

As respects the item of $6.36, "traveling expenses or fees for serving warrants," the charge seems to be proper, and should be allowed. The travel here was actually necessary and the claim is clearly within the spirit, if not within the strict letter, of the statute.

As respects the item $24.82, "for mileage in serving jury summons in 1887 and 1888," nothing need be added to what has already been said in speaking of other items of the plaintiff's claim. See, also, Saunders v. U. S., 73 Fed. 782.

As respects the item of $5, "for marshal's attendance upon U. S. district court on 16th day of October, 1887," there is no valid

objection to its allowance. The services were rendered, and the charge is in strict pursuance of the statute. It appears to have been stricken out of the account by the department because the 16th was a Sunday. This fact is immaterial. The attendance was necessary, and the marshal was required to perform the service.

As respects the item of $92, "amounts actually paid guards of the United States prisoners while attending court," it is admitted for the United States that this money was paid for guards at a time when no provision existed for confining prisoners in the court apartments or anywhere nearer than the Philadelphia prison, which is two miles distant, and that the guards were, therefore, necessary. I think a liberal and just construction of section 830 of Revised Statutes covers this item and that justice requires such a construction to be made.

As respects the item of $6, for "amount earned and not received for serving warrants to apprehend," the objection is founded on the fact that two warrants were served on each of the individuals arrested. The amount claimed for the service of each warrant conforms to the terms of the statute, and as the statute provides this compensation for the service of warrants, without reference to the number which may be issued against the same individual, I do not see any force in the objection. If several such are issued the marshal must serve them separately, and when he does so he is entitled to the compensation provided for each service. This question appears also to have been passed upon in Harmon v. U. S., 43 Fed. 560.

As respects the item of $3.30, "amount of actual expenses incurred in endeavors to arrest," I think the department is right in disallowing it. The charge was in excess of the sum named in the statute for such expenses and the plaintiff was consequently allowed $2 as the statute provides. He might possibly have sustained a charge for services and travel in endeavoring to make the arrest, then contemplated, but he has not presented such a charge.

As respects item $34.70, "amount earned for serving warrants, etc., on indigent convicts," the same is allowed as just and proper and is sustained by Saunders v. U. S., supra.

As respects item $52.80, charged for "making 132 returns (at 40 cents) of nihil habet," I do not find, in the statute, any language which is directly applicable to this subject. If the process had been served the marshal would have been entitled, under the statute, to a charge of $2. No provision is made for an unsuccessful effort to serve and a return of nihil habet. The practice of treating two returns of nihil habet as equal to a service is peculiar to this state, and the national fee bill does not, therefore, contemplate such cases; but inasmuch as the ineffectual efforts to serve and the consequent returns are treated as equal to a service, and as the marshal must make these efforts and returns without compensation unless he is paid as for a service, it seems allowable and just, so to pay him, and I think therefore, the marshal might have charged $2 as for a service and return instead of 80 cents, as he has done. Since the rejection of this item, the department, on ex-

planation of the practice in this state and the effect of two such returns here, allowed $2 for this service and the returns and have continued to do so ever since. The item is, therefore, allowed as charged.

And now, to wit, February 12, A. D. 1897, a judgment is awarded plaintiff in above case for $754.86, the aggregate of items of claim allowed as above, together with costs.